NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEVORG MOVSISYAN; ARMINE MOVSISYAN; AREN MOVSISYAN; NARE MOVSISYAN; MANE MOVSISYAN,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2105

Agency Nos.
A220-285-553
A220-285-552
A220-285-551
A220-285-554
A220-285-555

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2025**
Pasadena, California

Before: TALLMAN, IKUTA, and CHRISTEN, Circuit Judges.

Gevorg Movsisyan, his wife, and their children, natives and citizens of

Armenia, petition for review of an order of the Board of Immigration Appeals

(BIA) affirming the decision of an immigration judge (IJ) denying Movsisyan's

application for asylum, withholding of removal, and relief under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny

the petition for review.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in concluding that Movsisyan failed to carry his burden of proving that he was eligible for asylum, withholding of removal and relief under the CAT, because his application relied solely on the declaration of his wife, who did not file her own application for relief with the IJ or BIA.[1] "The burden of proof is on the applicant to establish that the applicant is a refugee[.]" 8 U.S.C. § 1158(b)(1)(B)(i).

Moreover, because Movsisyan's application was properly denied, Movsisyan's wife and children, who were derivative beneficiaries of Movsisyan, are not eligible for asylum, withholding or CAT relief, based on Movsisyan's application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005); *Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013).

**PETITION DENIED.**

---

[1] Movsisyan did not base his claims for asylum, withholding of removal, and CAT relief on incidents that directly affected him before the IJ or BIA. To the extent he raises such incidents to us, they are forfeited and unexhausted. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996); *Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024); 8 U.S.C. § 1252(d)(1).